No. 18771—Melvin H. Hissem, v. Matthews B. Guran and Chancy Myers. Error to Summit Appeals.

**118. AUTOMOBILES—1.** Carriers of property under a definite contract, but not for others than their contractees, and not operating under a public franchise, are neither a common carrier nor a transportation company.

**2.** Such private carriers not subject. to law regulating motor propelled vehicles.

**3.** Certified motor transportation companies not entitled to protection against such private carriers.

MARSHALL, C. J.

**1.** The owner of a motor propelled vehicle engaged in the business of carrying and transporting property in such vehicle for hire over the highways of this state pursuant to a definite contract describing the property to be carried and the points to and from which the same shall be carried and the compensation to be paid, such owner not holding himself out to the public as willing to carry property for other persons, and not in fact carrying property for any other persons than those with whom he has thus contracted, and not operating under any public franchise, is not a common carrier and is not a motor transportation company as that term is defined in Sections 614-2 and 614-84, General Code (110 O. L., 212, 213).

**2.** Persons, corporations and firms who operate as such private carriers in carrying and transporting property over the highways of this state for hire are not subject to the provisions of the law regulating the operation of motor propelled vehicles, as enacted in 110 Ohio Laws, 212 to 223, inclusive, General Code.

**3.** A motor transportation company holding a certificate of convenience and necessity under the provisions of the act regulating motor transportation is not entitled to protection from competition as against owners of such privately operated motor vehicles over the same routes covered by such certificate.

Judgment affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

No. 18511—Catherine Bradley v. Cleveland Railway Co. Error to Cuyahoga Appeals.

**829. NEGLIGENCE—1.** Where pleadings present and evidence offered tends to develop the issue of contributory, duty of court to charge jury upon that issue.

**2.** Where jury cannot determine by a preponderance, whose negligence proximately caused the injury, case remains in equipoise,

**3.** If such issue is so developed, by the evidence, and there can be no recovery.

dence, and the court fails to charge as to the burden of proof, a general exception to the charge, otherwise correct, does not bring such failure into review.

**4.** In absence of a bill disclosing evidence offered, a charge that if the jury find that plaintiff failed to use ordinary care which contributed to her injury she could not recover, is not prejudicial error.

JONES, J.

**1.** In actions for negligence, where the answer pleads the general issue, or that the injury resulted from plaintiff's fault, either or both, and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence, it is the duty of the court to charge upon that issue.

**2.** If from the whole evidence offered at the trial concerning defendant's negligence and plaintiff's negligence, the jury are unable to determine by a preponderance of the evidence whose negligence proximately caused the injury the case remains in equipoise and there can be no recovery.

**3.** If, in such action, the issue of contributory negligence is developed by the evidence, and the court fails to charge upon the burden of proof as to that issue, a general exception to a charge otherwise correct does not bring in review such failure to charge. (Columbus Ry. Co. v. Ritter, 67 Ohio St., 53, approved and followed.)

**4.** In the absence of a bill disclosing the evidence offered at such trial, a charge that if the jury found that plaintiff failed to use ordinary care and if that failure to use that ordinary care contributed to the injury or injuries sustained by her she could not recover, is not prejudicial error.

Judgment affirmed.

Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

No. 18826—Ralph C. McBride, Treas. Cuyahoga Co. v. University Club. Error to .Cuyahoga Appeals.

**461. EQUITY—1.** A suit to recover back Court of Appeals.

**2.** Such an action is not appealable to the taxes illegally collected is an action at law.

JONES, J.

A suit brought under the provisions of Section 12075, General Code, to recover back taxes illegally collected is an action at law and not a chancery case within the purview of Section 6, Article IV, of the state Constitution as amended in 1912. Nor is such an action appealable to the Court of Appeals under that section of the Constitution.

Judgment affirmed.

Marshall, C. J. Matthias, Day, Allen and Kinkade, JJ., concur.